1  BENJAMIN B. WAGNER
   United States Attorney
2  SARALYN M. ANG-OLSON, SBN 197404
   Special Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700

5  Attorneys for Plaintiff
   United States of America

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,          )    2:09-cv-02547-JAM-GGH
                                      )
12            Plaintiff,              )    STIPULATION AND ORDER FOR
                                      )    INTERLOCUTORY SALE OF
13       v.                           )    DEFENDANT REAL PROPERTY
                                      )
14 REAL PROPERTY LOCATED AT 11786     )
   MILLER PEAK ROAD, OROVILLE,        )
15 CALIFORNIA, BUTTE COUNTY,          )
   APN: 058-200-075, INCLUDING        )
16 ALL APPURTENANCES AND              )
   IMPROVEMENTS THERETO,              )
17                                    )
              Defendant.              )
18 _____   )

19       Plaintiff United States of America, by and through Saralyn

20 M. Ang-Olson, Special Assistant United States Attorney for the

21 Eastern District of California, and claimants J. Scott Rader and

22 Susan C. Rader, as trustees of the J. Scott Rader and Susan C.

23 Rader 2006 Trust ("claimants"), by and through their counsel of

24 record, hereby agree and stipulate to the following interlocutory

25 sale pursuant to Rule G(7) of the Supplemental Rules for

26 Admiralty or Maritime Claims and Asset Forfeiture Actions and 18

27 U.S.C. § 983(j):

28 ///

1.   The defendant in this action is described as real property located at 11786 Miller Peak Road, Oroville, California, Butte County, APN: 058-200-075, ("defendant real property") more fully described and attached hereto in **Exhibit A**.

2.   On September 11, 2009, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant real property was subject to forfeiture on the grounds that said real property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 841 *et seq.*, an offense punishable by more than one year's imprisonment, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

3.   The recorded owners of the defendant real property are J. Scott Rader and Susan C. Rader, as trustees of the J. Scott Rader and Susan C. Rader 2006 Trust.

4.   On October 9, 2009, claimants filed a Verified Statement of Interest, in their capacity as trustees and on behalf of the beneficiaries of the Trust.  Furthermore, on October 29, 2009, claimants filed an Answer to Complaint for Forfeiture *In Rem*. There are no liens against the defendant real property.

5.   On September 3, 2009, claimants placed the defendant real property on the market to be sold with Coldwell Banker Ponderosa Real Estate realty.  On or about December 16, 2009, claimants accepted a sales offer in the amount of $215,000.00 on the defendant real property.  Escrow is estimated to close the week of January 25, 2010.  The buyer of the defendant real property is Elizabeth Shayne Brown Trust, Kris Kuzmich, Trustee.

Stipulation and Order for Interlocutory
Sale of Defendant Real Property

6.   No other parties have filed claims or answers in this action, and the time by which any person or entity may file a claim and answer has expired.

7.   The parties herein agree that the proposed sale of defendant real property should proceed pursuant to Paragraphs 8 through 19 below.

8.   Claimants shall instruct the title/escrow officer, Cheri Hovey, at Mid Valley Title and Escrow to wire the net proceeds from the sale of the defendant real property to the U.S. Marshals Service and to contact the U.S. Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

9.   The net proceeds from the sale of the defendant real property will include all money realized from the sale of the defendant real property, except for the following:  real estate commissions, amounts due the holder of any valid lien which was recorded prior to the time plaintiff's Notice of Lis Pendens was recorded, real estate property taxes which are due and owing, or which become a lien prior to the sale of the defendant real property, insurance costs, and any other miscellaneous costs/fees incurred at closing through escrow.

10.  The net proceeds from the sale of the defendant real property shall be wired to the U.S. Marshals Service, at the close of escrow, to be deposited in the Department of Justice Seized Asset Deposit Fund.  Said proceeds will be substituted as the *res* in this action and held pending further order of the Court.

11.  Claimants will retain custody, control, and responsibility of the defendant real property until the

Stipulation and Order for Interlocutory
        Sale of Defendant Real Property

interlocutory sale that is the subject of this Stipulation has been completed.

12.   Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

13.   All parties to this Stipulation hereby release plaintiff United States of America and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of the defendant real property.   This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed.   The parties to this Stipulation waive the provisions of California Civil Code § 1542.

14.   Claimants shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until their custody, control, and responsibility have ceased.   The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

15.   Claimants shall maintain all insurance policies currently in effect with respect to the defendant real property,

including hazard insurance to cover all buildings and other improvements that are now located on the property until the interlocutory sale is completed.  The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the defendant real property.

16.  Except as specifically provided herein, claimants shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States.

17.  There was reasonable cause for the posting of the defendant real property, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

18.  All parties are to bear their own costs and attorneys' fees.

19.  Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of the final judgment in this action.

IT IS SO STIPULATED.

Dated: _1/26/2010_____                    BENJAMIN B. WAGNER
                                          United States Attorney


                                          _/s/ Saralyn M. Ang-Olson____
                                          SARALYN M. ANG-OLSON
                                          Special Assistant U.S. Attorney

                                          Attorneys for Plaintiff
                                          United States of America
///
///

Stipulation and Order for Interlocutory
                                          Sale of Defendant Real Property

1   Dated: _1/26/2010_____        ____/s/ J. Scott Rader_____
                                  J. SCOTT RADER individually and
2                                 as Trustee for the J. Scott Rader
                                  and Susan C. Rader 2006 Trust
3

4

5
                           **ACKNOWLEDGMENT**
6
    State of California      )
7                            )
    County of Sonoma         )
8

9   On __1-26-2010___, before me, _PATRICIA MLEKUS_____, Notary
    Public, personally appeared_J. SCOTT RADER_____, who
10  proved to me on the basis of satisfactory evidence to be the
    person whose name is subscribed to the within instrument and
11  acknowledged to me that s/he executed the same in her/his
    authorized capacity, and that by her/his signature on the
12  instrument the person, or the entity upon behalf of which the
    person acted, executed the instrument.
13
    I certify under PENALTY OF PERJURY under the laws of the State of
14  California that the foregoing paragraph is true and correct.

15  WITNESS my hand and official seal.     PATRICIA MLEKUS
                                           Commission #1683376
16  Signature_/s/ Patricia Mlekus_____     Notary Public - California
                                           Sonoma County
17                                         My Comm. Expires July 23, 2010

18

19

20  Dated: _1/26/10_____     MACKENZIE LAND LAW

21

22  _____By   __/s/ Robert W. MacKenzie_____
                                     ROBERT W. MACKENZIE
23                                   Attorney for Claimants
                                     J. Scott Rader, Susan C. Rader,
24                                   and the J.Scott Rader and Susan
                                     C. Rader 2006 Trust
25

26  ///

27  ///

28  ///

Stipulation and Order for Interlocutory
                        Sale of Defendant Real Property

1   Dated: _1-26-2010_                    _/s/ Susan C. Rader_
                                         SUSAN C. RADER individually and
2                                        as Trustee for the J. Scott Rader
                                         and Susan C. Rader 2006 Trust
3

4

5                            **ACKNOWLEDGMENT**

6   State of California        )
                               )
7   County of Sonoma           )

8   On __1-26-2010___, before me, _PATRICIA MLEKUS_____, Notary
    Public, personally appeared __SUSAN C. RADER_____, who
9   proved to me on the basis of satisfactory evidence to be the
    person whose name is subscribed to the within instrument and
10  acknowledged to me that she executed the same in her authorized
    capacity, and that by her signature on the instrument the person,
11  or the entity upon behalf of which the person acted, executed the
    instrument.
12
    I certify under PENALTY OF PERJURY under the laws of the State of
13  California that the foregoing paragraph is true and correct.

14  WITNESS my hand and official seal.   PATRICIA MLEKUS
                                         Commission #1683376
15  Signature_/s/ Patricia Mlekus_____   Notary Public - California
                                         Sonoma County
16                                       My Comm. Expires July 23, 2010

17

18

19  Dated: _1/26/10_____   MACKENZIE LAND LAW

20

21  _____By   _/s/ Robert W. MacKenzie_
                                     ROBERT W. MACKENZIE
22                                   Attorney for Claimants
                                     J. Scott Rader, Susan C. Rader,
23                                   and the J.Scott Rader and Susan
                                     C. Rader 2006 Trust
24  ///

25  ///                             (Signatures retained by Attorney)

26  ///

27  ///

28  ///

                              7       Stipulation and Order for Interlocutory
                                      Sale of Defendant Real Property

**<u>ORDER</u>**

1.   The defendant real property shall be sold pursuant to the terms set forth above in the Stipulation for Interlocutory Sale.

2.   The net proceeds from the sale of the defendant real property shall be wired to the U.S. Marshals Service to be deposited into the Department of Justice Seized Asset Deposit Fund, substituted as the *res* herein, and held pending further order of the Court.

3.   The forfeiture action pending shall proceed against the substitute *res* in lieu of the defendant real property sold pursuant to this Stipulation.

IT IS SO ORDERED.

Dated: January 27, 2010            /s/ John A. Mendez
                                   JOHN A. MENDEZ
                                   United States District Court




///
///
///
///
///
///
///
///
///
///
///

Stipulation and Order for Interlocutory
                  Sale of Defendant Real Property

## Exhibit A

### (Real Property located at 11786 Miller Peak Road, Oroville, California, Butte County, APN: 058-200-075)

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE
COUNTY OF BUTTE, STATE OF CALIFORNIA AND IS DESCRIBED
AS FOLLOWS:

Parcel One:

A portion of the West half of Section 27, Township 22 North,
Range 4 East, M.D.B. & M., and more particularly described
as follows:

Beginning at the Southwest corner of the North half of the
Northeast quarter of the Southwest quarter of said Section
27; thence North along the West line of the East half of the
West half of said Section 27, a distance of 660 feet, more or
less, to a point at the Southwest corner of the land described
in the Deed to J. Paul Little and wife, dated September 6,
1973 and recorded December 12, 1973, in Book 1879, Page 369,
Official Records of Butte County; thence South 86° 30' 11"
East, along the South line of said Section 27, a distance of
1327.82 feet to a point on the North and South centerline
of said Section 27; thence South 0° 22' 04" West, along the
North and South centerline of said Section 27, a distance of
660 feet, more or less, to a point at the Southeast corner of
the North half of the Northeast quarter of the Southwest
quarter of said Section 27; thence West along the South line
of the North half of the Northeast quarter of the Southwest
quarter, a distance of 1320 feet, more or less, to the point
of beginning.

Also the West half of the West half of Section 27, Township
22 North, Range 4 East, M.D.B. & M.

Excepting therefrom the North half of the Northwest quarter
of the Northwest quarter of said Section 27.

Also excepting therefrom the following described Parcel of
land:

Commencing at the Southwest corner of said Section 27; thence
along the West line of said Section, North 0° 05' 51" East,
2673.82 feet to the West quarter corner of said Section, and
the true point of beginning for the Parcel of land herein
described; thence from said true point of beginning, along
the West line of said Section, North 0° 05' 51" East, 2005.36
feet to the Southwest corner of the North half of the
Northwest quarter of the Northwest quarter of said Section
27; thence along the South line thereof, South 87° 14' 21"
East, 1331.69 feet to the Southeast corner of said North half
of the Northwest quarter of the Northwest quarter of Section
27; thence South 0° 13' 51" West, 2022.68 feet; thence

Stipulation and Order for Interlocutory
Sale of Defendant Real Property

North 86° 29' 04" West, 1327.80 feet to the point of beginning.

Also excepting therefrom the following described Parcel of land:

Being a portion of the Southwest quarter of Section 27, Township 22 North, Range 4 East, M.D.B. & M., and being more particularly described as follows:

Parcel 1, 2, and 3, as shown on that certain Map filed for Record in the Office of the Recorder, County of Butte, State of California, on February 27, 1987, in Book 105 of Maps, at Page(s) 93.

Parcel Two:

A non-exclusive easement 60 feet in width for road and public utilities as shown on Parcels 1, 2 and 3, of that certain Map filed for Record in the Office of the Recorder, County of Butte, State of California, on February 27, 1987, in Book 105 of Maps, at Page(s) 93.

Parcel Three:

A non-exclusive easement for road and utility purposes, over a strip of land 60.0 feet in width, lying 30.0 feet on each side of the following described road centerline:

Beginning at the Northwest corner of Section 34, Township 22 North, Range 4 East, M.D.B.& M.; thence following along the Northerly boundary line of the Northwest quarter of said Section 34, South 87° 48' 23" East, 637.27 feet to the true point of beginning for the road centerline herein described; thence from said true point of beginning, South 3° 55' 08" East, 67.56 feet; thence South 25° 02' 18" East, 155.35 feet; thence South 37° 52' 48" East, 151.82 feet; thence South 60° 02' 48" East, 278.23 feet; thence South 67° 17' 48" East, 208.01 feet; thence South 86° 11' 34" East, 60.42 feet to a point located 32.0 feet Westerly and at right angles to the Easterly boundary line of the Northwest quarter of the Northwest quarter of said Section 34; thence South 0° 33' 18" East, parallel to and 32.0 feet Westerly of said Easterly boundary line, for a distance of 60.17 feet to a point located in the centerline of the Pinkston County Road; thence North 0° 33' 18" West, 60.17 feet; thence North 86° 11' 34" West, 60.42 feet; thence North 67° 17' 48" West, 208.01 feet; thence North 60° 02' 48" West, 278.23 feet; thence North 37° 52' 48" West, 151.82 feet; thence North 25° 02' 18" West, 155.35 feet; thence North 3° 55' 08" West, 67.56 feet to a point located in the aforesaid Northerly boundary line of the Northwest quarter of Section 34, (said point being the true point of beginning for the road centerline described herein); thence continuing North 3° 55' 08" West 25.14 feet to a point located 25.0 feet

10          Stipulation and Order for Interlocutory
            Sale of Defendant Real Property

1    Northerly and at right angles to said Northerly boundary
     line of the Northwest quarter of Section 34; thence North
2    87° 48' 23" West, parallel to and 25.0 feet Northerly of
     said Northerly boundary line of the Northwest quarter
3    of Section 34, for 76.52 feet; thence North 54° 57' 03"
     West, 248.57 feet; thence North 61° 07' 33" West, 197.0
4    feet; thence North 65° 10' 53" West, 200.63 feet to a
     point located in the Westerly boundary line of the
5    Southwest quarter of said Section 27; thence South 65°
     10' 53" East, 200.63 feet; thence South 61° 07' 33" East,
6    197.0 feet; thence South 54° 57' 03" East, 248.57 feet;
     thence South 87° 48' 23" East, parallel to and 25.0 feet
7    Northerly of the Southerly boundary line of said Southwest
     quarter of Section 27, for 76.52 feet; thence continuing
8    South 87° 48' 23" East, parallel to said Southerly boundary
     line of the Southwest quarter of Section 27, 469.14 feet;
9    thence North 61° 31' 42" East, 58.78 feet; thence North 9°
     37' 22" East, 402.52 feet; thence North 1° 32' 57" East,
10   204.78 feet; thence North 29° 23' 53" West, 214.77 feet;
     thence North 13° 48' 17" East, 202.01 feet; thence North
11   50° 48' 28" West, 286.0 feet; thence North 53° 10' 08" West,
     281.61 feet; thence North 12° 07' 22" East, 257.46 feet;
12   thence North 48° 15' 02" East, 163.63 feet; thence North
     37° 50' 12" East, 371.74 feet; thence North 34° 12' 57"
13   East, 444.83 feet; thence North 23° 28' 07" East, 250.96
     feet; thence North 70° 49' 32" East, 239.69 feet; thence
14   South 81° 11' 38" East, 425.21 feet; thence South 6° 35'
     02" West, 221.46 feet; thence South 85° 03' 42" West,
15   226.64 feet; thence South 41° 01' 02" West, 202.29 feet;
     thence South 29° 06' 48" East, 196.05 feet; thence South
16   54° 56' 58" East, 190.97 feet; thence South 54° 03' 18"
     East, 155.67 feet; thence North 88° 47' 02" East, 540.0
17   feet, more or less, to the Easterly boundary line of said
     Southwest quarter of Section 27; thence South 88° 47' 02"
18   West, 540.0 feet; thence North 54° 03' 18" West, 155.67
     feet; thence North 54° 56' 58" West, 190.97 feet; thence
19   North 29° 06' 48" West, 196.05 feet; thence North 41° 01'
     02" East, 202.29 feet; thence North 85° 03' 42" East,
20   226.64 feet; thence North 6° 35' 02" East, 221.46 feet;
     thence North 81° 11' 38" East, 425.21 feet; thence South
21   70° 49' 32" West, 239.69 feet; thence North 2° 26' 27" East,
     199.09 feet; thence North 47° 31' 07" East, 189.55 feet; thence
22   North 60° 20' 19" East, 322.49 feet; thence South 85° 37' 23"
     East, 632.69 feet; thence North 35° 22' 33" West, 231.35 feet;
23   thence North 50° 43' 03" West, 147.67 feet; thence North 2° 12'
     14" East, 169.18 feet; thence South 30° 53' 18" East, 204.39
24   feet; thence South 69° 10' 28" East, 280.0 feet, more or
     less, to the Easterly boundary line of the Northwest quarter
25   of said Section 27 and the end of said road centerline.

26   Excepting therefrom that portion lying within the bounds of
     Parcel One, described herein.
27
     Assessor's Parcel No: 058-200-075
28

                    11          Stipulation and Order for Interlocutory
                                Sale of Defendant Real Property